**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**United States of America,**

               *Plaintiff,*

v.                                                         **Case No. 3:09-cv-436
Judge Thomas M. Rose**

**1988 BMW, VIN #WBAGC8311J2767674,** *et al.*,

               *Defendants.*

---

**ENTRY AND ORDER DENYING PETITIONER'S COMBINED MOTION FOR RETURN OF PROPERTY AND MOTION TO SET ASIDE DEFAULT JUDGMENT. DOC. 26.**

---

      This matter is before the Court on Claimant Robert Garrett's Motion for Return of Property and to Set Aside Default Judgment. Garrett invokes Federal Rule of Civil Procedure Rule 60(b) as a basis for his motion. "A motion under Rule 60(b) must be made...no more than a year after the entry of judgment or the order date of the proceeding." Fed. R. Civ. P. 60(c)(1).

      The Court entered Default Judgment against Garrett's claims May 3, 2010. Doc. 22. On May 10, 2010, Garrett moved the Court to set aside the default judgment. Doc. 23. This was denied June 22, 2010. Doc. 25. The case laid dormant for almost two years before Garrett filed his most recent motion to set aside judgement. "The one-year limitation period for Rule 60(b) motions is absolute." *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006) Because Garrett's motion for reconsideration was filed more than

a year after the entry of judgment, this Court lacks jurisdiction to consider the merits of the motion. *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir.1989).

Even if the Court had jurisdiction, it would deny the motion for the reasons stated in its ruling on the prior motion.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, July 5, 2012.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE